MANHATTAN RY. Co. and another *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Circuit Court, S. D. New York.* October 15, 1883.)

1. JURISDICTION OF FEDERAL COURTS—TAXES AND ASSESSMENTS.
   It is the peculiar province of the state courts to construe and administer judicially the laws of the state, and to decide whether or not they sanction the action of the local authorities in levying taxes which are in dispute. When all the parties to the suit are citizens of the state where the same is brought, the federal courts will not have jurisdiction unless the suit is one arising under the constitution or laws of the United States, and within the meaning of the act of congress of March 3, 1875, which enlarged and defined the jurisdiction of the circuit courts; or unless some federal question is necessarily involved in the decision of the controversy.

2. SAME—WHEN CASE DEEMED TO ARISE UNDER THE CONSTITUTION OR LAWS OF THE UNITED STATES.
   A case does not arise under the constitution or laws of the United States unless it cannot be decided without deciding a federal question.

3. SAME AVERMENTS.
   Parties will not be allowed to resort to the jurisdiction of the federal courts on simple averments or allegations that the case is one involving a federal question, unless such clearly appears to be the case.

In Equity.

*Deyo, Duer & Bauerdoff,* for plaintiff. *David Dudley Field,* of counsel.

*Geo. P. Andrews,* corporation counsel, and *James C. Carter,* for defendants.

WALLACE, J. The complainants move for a preliminary injunction to restrain the collection of taxes assessed by the commissioners of taxes and assessments, in the city of New York, on the real estate of the New York Elevated Railroad Company, for the years 1879 to 1882, inclusive, upon the capital stock and personal property of that

corporation for the year 1880, and upon the capital stock and personal property of the Manhattan Railway Company for the years 1880, 1881, and 1882. Under agreements by which the latter corporation leased the property of the New York Elevated, the Manhattan Railway Company is obligated to pay the taxes and assessments imposed upon the lessor during the term of the lease.

As the parties are all citizens of this state, it must be determined preliminarily whether the subject-matter of the controversy is such as to confer jurisdiction upon this court. Unless the suit is one "arising under the constitution or laws of the United States," within the meaning of the act of congress of March 3, 1875, which enlarged and defines the jurisdiction of the circuit courts of the United States, the complainants have selected the wrong forum. If some federal question is necessarily involved in the decision of the controversy the complainants have properly resorted to a federal court; otherwise the courts of the state of New York are the only appropriate tribunals to adjudicate between the parties. It is their peculiar province to construe and administer judicially the laws of the state, and to decide whether or not they sanction the action of the local authorities in levying the taxes in dispute.

The averments of the bill are intended to make a case arising under the fourteenth amendment of the constitution, and if any federal question is presented it arises under that amendment. There are general averments, in substance, that the state, by the laws under which the assessing officers have acted, unlawfully discriminates between the complainants and individuals, and subjects the property of the complainants, for the purposes of taxation, to an unequal share of the public burdens, and abridges the privileges and immunities of the complainants as citizens of the United States, depriving them of their property without due process of law, and denying to them the equal protection of the laws, contrary to the constitution of the United States. The specific averments are that complainants are taxed for real property subject to mortgage without deducting the amount of the mortgage from the value of the property; that they are taxed for personal property without deducting from the value of the property the amount of their debts; that they are taxed for real property which they hold as lessees or tenants under the state or city, while individual lessees or tenants are not taxed for real property thus held; that they are taxed for state purposes in cases where individuals are not so taxed; and that a discrimination is made against the complainants, and in favor of other corporations, by the state of New York, in that telegraph corporations, gas corporations, steam-heating corporations, and surface railway corporations are not taxed in the same manner or upon the same principle for their property imbedded in or resting upon the streets of the city.

These averments are doubtless framed to permit the claimants to avail themselves of the recent decision in the *County of San Mateo* v.

*Southern Pac. R. Co.* 13 FED. REP. 722. It was there decided that the fourteenth amendment of the constitution, in declaring that no state shall deny to any person within its jurisdiction the equal protection of the laws, imposes a limitation upon the exercise of all the powers of the state which can touch the individual or his property, including among them that of taxation, and forbids unequal exactions of any kind, including unequal taxation. The scope and effect of this amendment are now under consideration by the supreme court of the United States, upon an appeal from that decision. This court will not assume to pass upon the question unnecessarily, in anticipation of the judgment of the supreme court. To what extent the powers of the state in regard to taxation are restricted by the amendment, and whether it applies to corporations at all, are questions which, upon the present bill, need not be and therefore will not be now discussed. Assuming that it is as far-reaching as it was deemed to be in the *San Mateo Case,* the averments here fall short of the point, and fail to present a controversy to which the restrictions of that amendment apply. The question is whether the state has made, or is enforcing by its laws, a system of taxation which abridges the privileges or immunities of the complainants, or denies to them the equal protection of the laws. If the authorities of the city of New York are endeavoring to enforce the collection of taxes against the complainants which have not been assessed in conformity with the statutes of the state, if the taxing authorities, under color of law, are proceeding illegally, their action cannot be imputed to the state, and the constitutional provision need not be invoked and does not operate; and the complainants can obtain ample redress under the laws of the state.

There is no discrimination in the laws of the state by which the complainants are taxed for real property which they hold as tenants, while individuals are not thus taxed, or by which complainants are assessed on a different principle from individuals "on their property imbedded in or resting upon the streets of the city;" or by which deductions for mortgages are allowed in assessing the value of real estate to individuals, and not to the complainants. So far as the bill avers that such discriminations are made by any law of the state, the averments are without foundation in fact. So far as the averments of the bill relate to discriminations created or recognized by the system of taxation adopted by the state, whereby corporate property is assessed or taxed in a different mode or upon a different principle from the property of individuals, they show only such discriminations as are legitimate. It will not be seriously contended that it is contrary to that equality and uniformity in the levying of taxes that has been said to be "of the very essence of taxation," to classify different kinds of property with reference to the peculiar characteristics and incidents of each, and to prescribe different modes or different rates of taxation for the different classes. The *San Mateo Case* does not intimate this,

but explicitly recognizes the right to discriminate by classification, so long as a uniform rate is observed in the valuation and taxation of all property of the same character. The court say:

"Undoubtedly, property may be classified for purposes of taxation. Real property may be subjected to one rate of taxation, personal property to another rate. Property in particular districts may be taxed for local purposes, while property elsewhere may be exempt. Taxation on business in the form of licenses may also vary according to the calling or occupation licensed, and the extent of business transacted; but even then there must be uniformity of charges with respect to the same calling or occupation in the same locality." 13 FED. REP. 737. "But arbitrary distinctions not arising from real differences in the character or situation of the property, or which do not operate alike upon all property of the same kind similarly situated, are forbidden by the amendment." Id. 150.

The tax laws of the state have made a classification of corporate assets with reference to their peculiar character, and divided them into capital stock, surplus profits, and real estate, but they do not discriminate between corporations and individuals, in the rule of valuation or in the taxation of property of the same kind. The real estate of each is valued upon the same principle, and taxed at the same rate. The personal property of individuals is not classified into capital stock and surplus profits, because it is not capable of such a classification; nor is it apparent that the taxing law works any practical discrimination between corporations and individuals. The real estate of each is valued upon the same principle as has been stated. The personal property of individuals is assessed upon the surplus after a just deduction for their debts; and the same result is reached in the case of corporations, because the latter are assessed after deducting the amount invested in real estate upon the actual value of their capital stock and the amount of their surplus. In ascertaining the actual value of the capital stock of a corporation, the amount of the surplus and also of the indebtedness of the corporation are necessary elements of the calculation.

It was adjudged in *People ex. rel. Broadway & Seventh Ave. R. Co.* v. *Com'rs of Taxes,* 46 How. Pr. 227; 60 N. Y. 638, that in ascertaining the value of the capital stock of corporations, the commissioners connot disregard the fact of indebtedness; and that the indebtedness must enter into the estimate to the same extent as it does in the assessment of the personal estate of an individual. If the complainants are "taxed for state purposes in cases where individuals are not so taxed," as the bill alleges, it is only because corporations, joint-stock companies, and associations generally, are required to pay a state tax upon their business, in the nature of a license tax, as a condition of their doing business in the state. If the complainants are entitled to any relief against the proceedings of the defendants, it is not through any right which springs from the fourteenth amendment, but their right is founded on the laws of the state. The questions which the controversy raises are only such as are to be solved

upon the general principles of law and equity, or upon the statutory law of New York. The suit, therefore, is not one arising under the constitution or laws of the United States, and as no diversity of citizenship exists between the parties this court cannot decide it. A case does not arise under the constitution or laws of the United States unless it cannot be decided without deciding a federal question, (*Hartell* v. *Tilghman,* 99 U. S. 547;) or, in other words, unless a federal law is a necessary ingredient in the case, (*Osborne* v. *Bank of U. S.* 9 Wheat. 738.) Were it otherwise, parties could resort to the jurisdiction of the federal courts whenever they might choose to allege in a bill or complaint that a cause of action is founded on a law of congress; and the court would be called on to determine the controversy, although satisfied that such an allegation was a delusion or a sham.

In reaching the conclusion that a case is not shown for the jurisdiction of this court, the theory of the bill, that the complainants are exempt from taxation for local purposes, and the theory that there is a fund now in registry of the court, the right to which should be determined by this suit, have not been overlooked. They are not discussed, because they are not deemed to be of sufficient importance to require discussion.

The motion is denied.