LEVY, Jr., *v.* CITY OF ' SHREVEPORT. HACKETT *v.* SAME. LEONARD *v.* SAME. HORAN *v.* SAME. McWILLIAMS *v.* SAME. HEROLD *v.* SAME. BUCKNER *v.* SAME. GRAGARD *v.* SAME. FORD *v.* SAME. CARTER *v.* SAME. PARSONS *v.* SAME. ROBINSON *v.* SAME. HOLMES *v.* SAME. RIGGS *v.* SAME. HARRIS *v.* SAME. HICKS *v.* SAME.

(*Circuit Court. W. D. Louisiana.* February 10, 1886.)

1. COURTS—UNITED STATES CIRCUIT COURTS—JURISDICTION—OBLIGATION OF CONTRACTS—CONSTITUTION OF LOUISIANA, ART. 209.

Where the complainants brought suit in the United States circuit court, alleging that article 209 of the Louisiana constitution, limiting municipal taxation for all purposes to 10 mills on the dollar of valuation, rendered it impossible for a city to raise sufficient money by taxation, beyond its alimony, to pay the indebtedness on certain bonds issued before the adoption of said article, and asked the court, therefore, to declare said article null and void, as conflicting with that provision of the constitution of the United States which forbids states from passing laws impairing the obligation of contracts, *held*, that the United States circuit court had not jurisdiction of the case until it had been judicially determined that the complainants had demands which they were entitled to enforce against the city, and that article 209 of the constitution of Louisiana stood in the way of such enforcement.

2. JUDGMENT—METHOD OF ENFORCING FIXED BY LAW—UNITED STATES COURTS.

The methods and remedies for the enforcement of judgments rendered in suits at law in the courts of the United States are fixed by law, and cannot be affected by the opinion of a judge and jury injected into a judgment.

3. UNITED STATES COURTS—JURISDICTION—QUESTION OF.

Where a suit is brought in the circuit court of the United States between citizens of the same state, as a suit "arising under the constitution or laws of the United States," the case must show a question that does arise, or will necessarily arise, under the constitution or laws of the United States, and not one that may or may not arise.

The above cases are submitted to the circuit judge as alike in all particulars, the judgment in one to be the judgment in all, and exceptions and answers and agreed statement of facts are the same in all.

The following is a sample petition, to-wit:

The petition of Simon Levy, a resident of Caddo parish, Louisiana, with respect, represents that the city of Shreveport, a municipal corporation, created by the state of Louisiana, situated in the parish of Caddo, in said state of Louisiana, in the Western district of Louisiana, and within the jurisdiction of this court, is justly indebted to him in the sum of $1,000, with 8 per cent. per annum interest thereon, from the first day of October, A. D. 1869, until paid, for this, viz.:

On the third day of June, A. D. 1869, the said city, in order to raise means for making improvements upon its streets, wharves, etc., through its council, enacted an ordinance providing for the issuance of 200 bonds of said city, each for the sum of $1,000, bearing interest at the rate of 8 per cent. per annum, payable to bearer, 10 years after date; and also providing for levying and collecting annually a tax sufficient to pay the interest on said bonds; and also for a sinking fund out of which to pay said bonds as they matured,—all of which will be seen, by reference to an authentic copy of said ordinance hereto annexed as part hereof, marked "A." Petitioner avers that thereupon said bonds were engraved, prepared, and signed by officers of said city, in accordance with the requirements of said ordinance.

Petitioner avers, further, that subsequently, and by various ordinances of

its council, said city provided for the improvement of its streets, avenues, wharves, etc., and particularly for the improvement of Commerce, Milam, Crockett, and Texas streets, and Texas avenue, and of the wharf of said city; and entered into contract with sundry persons, among others, M. Baer, William Robson, D. J. Elder, the Shreveport City Railroad Company, and with various other citizens and property holders of said city, to have said improvements made at a stipulated price,—all of which is shown by authentic copies of said ordinances and contracts hereto annexed as part hereof, marked .* * *. Petitioner avers the improvement and work so contracted for were made and were done by said contractors, were accepted by said city, inured greatly to its benefit, and were well worth the amount which the said city had bound itself to pay therefor.

Petitioner avers, further, that the said city, in evidence of its indebtedness for the said work and improvements, so as aforesaid done and made, issued and gave to the said M. Baer, William Robson, D. J. Elder, and to sundry other citizens of Shreveport, a number of said bonds, so as aforesaid authorized by the ordinance of June 3, 1869; and, among others, bond No. ——, which is hereto annexed and made part hereof. Petitioner avers, further, that he acquired said bond from M. B. Baer (to whom same was issued) before maturity, and for a valuable consideration; that for several years said city paid to said Baer, and to your petitioner, the interest due thereon, and by many ordinances repeatedly recognized its indebtedness to him, petitioner. He alleges, further, that the said city has failed and refused to pay its indebtedness as evidenced by said bond, and remains indebted for the work done by said Baer, as hereinbefore set forth, and that petitioner is subrogated to all the rights and actions of said Baer against said city. Petitioner alleges that all ordinances and contracts of the city hereinbefore referred to were legally and properly passed and entered into after full compliance with all requirements of law. Petitioner further alleges that the obligation of the said city to pay its indebtedness, as hereinbefore set forth, was confirmed by the charters of said city, granted by the state of Louisiana, A. D. 1871 and A. D. 1878. He alleges amicable demand in vain.

Petitioner alleges, further, that the laws of the state of Louisiana, so far as same had any bearing on, or relation to, the contract hereinbefore set up, and to the rights and obligations therefrom resulting, were, by implication and operation of law, a part of said contracts; and there was an implied contract between said city and the contractors that, in the event of a failure on the part of the city to comply with the terms of said contracts, the obligations thereof might be judicially enforced. Petitioner avers that the law of Louisiana, at the date of the contracts, provided adequate remedy for the enforcement of all right thereunder arising; but petitioner alleges that article 209 of the constitution of Louisiana, adopted July 23, 1879, has impaired the obligations of said contracts, by destroying all remedies for the enforcement of same, in this, viz., by limiting municipal taxation throughout said state, for all purposes whatever, to 10 mills on the dollar of valuation.

Petitioner represents that the assessed valuation of all property subject to tax by said city is less than $1,500,000; that the tax thereon, as limited by said article 209, is less than $15,000; that the amount which the city is authorized to levy for license tax on trades, professions, and occupations does not exceed, for any one year, the sum of $7,500; that the said city has no property which can be seized under execution, and no revenues except such as are derived from taxation; that the entire revenues of said city, for any one year, do not exceed the sum of $30,000, an amount not more than sufficient for its alimony, and which must be appropriated for that purpose; and that, in consequence of said constitutional limitation, if same be valid and operative, no means exist under the law of Louisiana by which said city can raise funds wherewith to pay, or be compelled to pay, its past debts.

Petitioner alleges said article 209, so far as same limits municipal taxation, is as to him null and void, because it violates the constitution of the United States, which prohibits all states from passing any law impairing the obligation of contracts. Petitioner avers he is entitled to have said article 209 declared null and void, so that he may have some remedy by means of which to compel said city to pay its indebtedness to him. He avers that the case herein presented arises under the constitution of the United States, and that your honorable court has jurisdiction thereof.

The premises considered, he prays that the city of Shreveport be cited to answer hereto; that, after all legal notices and delays, he have judgment against said city, declaring said article 209 of the constitution of Louisiana violative of the constitution of the United States, null and void, and condemning said city to pay him the sum and interest herein claimed, with costs. He prays for all orders and decrees necessary, and for general relief in the premises.

Defendants have filed several special pleas, in following order: Plea to jurisdiction; motion to elect; and plea of prescription.

*A. H. Leonard,* for plaintiffs.

*Alexander & Blanchard,* for defendant.

BY THE COURT. It is only necessary to pass on the jurisdictional question. The exception to the jurisdiction raises the question whether the alleged conflict of article 209 of the Louisiana constitution (limiting municipal taxation for all purposes to 10 mills on the dollar of valuation) with the constitution of the United States, because of the impairment of contract remedies that plaintiffs may be entitled to, is one of the proper issues in these cases. If such question is properly in the case, then, I think, there is no doubt that the case is one arising under the constitution of the United States, and that the court has jurisdiction. "A case, in law or equity, consists of the right of one party as well as of the other, and may, properly, be said to arise under the constitution or a law of the United States whenever its correct decision depends upon either." *Railroad Co.* v. *Mississippi,* 102 U. S. 141. "It may be laid down, I think, as a general principle, that when a case necessarily involves a question arising under the constitution and laws of the United States, and cannot be decided without deciding that question, it is a case arising under said constitution and laws, and may be brought, as the law now stands, in the circuit court of the United States, although other questions may likewise be involved which might be tried and decided in the state courts." Justice BRADLEY, dissenting, in *Hartell* v. *Tilghman,* 99 U. S. 560. In fact, this position is well settled, and no longer open to dispute.

The present cases, however, are suits necessarily involving indebtedness, and not necessarily involving any question of remedy. It cannot be said that the plaintiffs' remedies are impaired until it is ascertained that they are entitled to remedies, and what those remedies are. The plaintiffs can have no standing to attack article 209 of the constitution of Louisiana until it has been judicially determined that

they have demands which they are entitled to enforce against the defendant corporation, and it is then found that said article stands in the way of such enforcement. As well might a creditor be entitled to bring a creditors' bill before he has obtained judgment and issued execution. There may be some similarity between this case, as made by the petition and prayer, and the revocatory action under the Louisiana Code; but the present case is one wholly at law, while it is well settled that the revocatory action, when brought in the courts of the United States, is a suit in equity. Of course, if article 209 of the Louisiana constitution stands in the way of plaintiffs' obtaining the fullest relief that the court can grant in these present cases, the issue is properly presented. But, in addition to the suggestion already made that the plaintiffs are without standing or interest to attack that article, it seems that said article in nowise affects the measure of relief that the court can grant if the law and the evidence are entirely with the plaintiffs. I very much doubt that a judgment in this case, as prayed for, "that said article 209 of the constitution of Louisiana is violative of the constitution of the United States, null and void, and condemning said city to pay him the sum and interest herein claimed, with costs," would relieve the plaintiffs from issuing execution, and estop the city, in a suit brought to compel, by *mandamus*, the levy of taxes to pay said judgment, from setting up that, under said article 209, the city is limited in the amount of taxation. The methods and remedies for the enforcement of judgments rendered in suits at law in the courts of the United States are fixed by law, and cannot be affected by the opinion of a judge and jury injected into a judgment, which opinion would certainly bind no other judge, nor the one giving the opinion, if he should change his mind.

But, however this may be, all the court can determine in these cases is whether or not, and for how much, judgment shall be rendered; and the plaintiffs cannot force in an issue as to whether the judgment, if rendered, shall be executed by writ of *fieri facias;* and *non constat*, but that the judgment if rendered will be paid without either remedy. If the plaintiffs can force an issue affecting their remedy in case they obtain judgments, and the defendant does not pay, under article 209 of the Louisiana constitution, and so confer jurisdiction upon the United States court, why can they not do so also under article 204, or under 208, of the same constitution? the first of which articles restricts the exercise of the taxing power to certain purposes,—and paying judgments is certainly not one of them, —and the latter of which exempts from taxation large classes of property not heretofore exempt. *Non constat*, but for the large exemptions under 208, the 10-mill limitation under 209 would not affect plaintiffs' remedy. If the plaintiffs' pretensions are well founded, there would seem to be no limit to the cases on contracts between citizens of the same state in which the federal jurisdiction may be invoked.

In *Hartell* v. *Tilghman, supra,* which was a patent suit, wherein the complainant alleged his patent, a contract with the defendant to use the invention, a violation of contract, and charging infringement, and praying for an injunction for an account and damages, the court denied the right of the complainant to bring into the case the question of infringement, and thus confer jurisdiction on United States courts. And, as we have seen, Mr. Justice BRADLEY, (with whom were the chief justice and Mr. Justice SWAYNE,) dissenting in favor of jurisdiction, laid down the principle that the federal question must be one necessarily involved, and one that required to be decided in deciding the case. "A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to constitution or laws of the United States. The decision of the case must depend upon that construction." *Gold Washing & Water Co.* v. *Keyes,* 96 U. S. 199.

In *Manhattan Ry. Co.* v. *City of New York,* 18 Fed. Rep. 195, which was a case brought to enjoin the assessment and collection of certain taxes on the alleged ground that the said assessment and taxes were levied in violation of the fourteenth amendment of the constitution of the United States, the court (Circuit Judge WALLACE presiding) says:

"The questions which the controversy raises are only such as are to be solved upon the general principles of law and equity, or upon the statutory law of New York. The suit, therefore, is not one arising under the constitution or laws of the United States, and, as no diversity of citizenship exists between the parties, this court cannot decide it." "A case does not arise under the constitution or laws of the United States unless it cannot be decided without deciding a federal question, (*Hartell* v. *Tilghman,* 99 U. S. 547;) or, in other words, unless a federal law is a necessary ingredient in the case, (*Osborne* v. *Bank of U. S.,* 9 Wheat. 738.) Were it otherwise, parties could resort to the jurisdiction of the federal courts whenever they might choose to allege in a bill or complaint that a cause of action is founded on a law of congress, and the court would be called on to determine the controversy, although satisfied that such an allegation was a delusion or a sham."

In *Mills* v. *Central R. Co. of N. J.,* 20 Fed. Rep. 449, it was held that "a defendant will not be allowed to transfer a case from the state courts to the United States courts upon the bare suggestion of a contingency which may never happen." "It is not enough that a question may arise under the constitution and laws of the United States." Circuit Judge SAWYER in *McFadden* v. *Robinson,* 22 Fed. Rep. 10. "It is incumbent on the courts to ascertain whether, notwithstanding some of the averments in the pleadings, the federal question suggested is one which is a necessary ingredient in the case." Circuit Judge WALLACE in *City of New York* v. *Independent Steamboat Co.,* 22 Fed. Rep. 801.

It therefore seems to me to be clear, upon reason and authority, that where a suit is brought in the circuit court of the United States between citizens of the same state, as a suit "arising under the con-

stitution or laws of the United States," the case must show a question that does arise, or will necessarily arise, under the constitution or laws of the United States, and not one that may or may not arise. The question of force and effect of article 209 of the Louisiana constitution, as impairing any right of plaintiffs under the constitution of the United States, does not arise in this case necessarily, and may never arise.

Suppose that this case, on the hearing, should show that 10 mills taxation is ample to pay the defendant's alimony, and, in addition, all that she may owe plaintiffs, where is the federal jurisdiction? Or, if plaintiffs should obtain a judgment, and the defendant should levy a sufficient tax without suit, or, in a suit for a *mandamus* to compel levy of tax to pay judgment, defendant does not seek to shelter itself under the limitations of said article 209, where, then, is the federal jurisdiction? It will be time enough for the court and the plaintiffs to cross the bridge when we come to it.

This lengthy opinion has been deemed proper in what seems to the court to be a very plain case, not needing the discussion given to it, because it is urged that the case of *Sawyer* v. *Concordia*, 12 Fed. Rep. 754, decided in June, 1882, in this court, (by the learned and logical judge of the district court then presiding,) fully sustains and supports the pretensions of the present plaintiffs as to the jurisdiction of the court. A careful examination of the *Sawyer Case* shows that it is clearly distinguishable from the present cases. Sawyer claimed a contract with the parish of Concordia, and an indebtedness due him under the contract, and that act 69 of 1869 entered into and formed part of the contract; that act 69 provided, substantially, as follows: That the judge rendering a judgment for money against any parish shall in the same decree order the assessor forthwith to assess a parish tax, at a sufficient rate, upon the assessment roll, to pay and satisfy said judgment, with interest and costs; and provided that the tax so levied should be collected and held as a special fund for the purposes for which levied; and he alleged that act 69 had been repealed, thus depriving him of a contract right to have a judgment levying a tax at the time and in the same judgment decreeing the parish indebted to him. The constitutionality of that repeal, as impairing the contract rights of Sawyer, was then presented, and was necessarily to be determined before the court could pass judgment in the case. The learned judge says: "It is clear that a federal question, or the ingredient of one, would not have to be passed upon if plaintiff was suing on an obligation growing out of a debt or an account." It seems clear that the court, in deciding whether Sawyer was entitled to a judgment for money, was called upon to decide at the same time whether he was entitled to an order to levy a tax to pay the judgment in the same decree; that is, whether or not the repeal of act 69 of 1869 impaired the obligations of his contract with the parish, and therefore violated article 1, § 10, of the constitution of the

United States. It would seem that the federal question did then and there necessarily arise. There may be some portions of the opinion in *Sawyer's Case* that, taken detached, may seem to conflict with the present views of the court, but the jurisdiction in *Sawyer's Case* is clearly sustainable, on the facts of that case, without any conflict with anything herein.

The exceptions to the jurisdiction filed herein are sustained, and the suits will be dismissed without prejudice, with costs.

Judgments in accordance with this decision will be entered on the minutes of the court at its next term in this district, which judgments, after the legal delays, the presiding judge is requested to sign.