CITY OF LOUISVILLE v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(Circuit Court of Appeals, Sixth Circuit. July 24, 1907.)

No. 1,657.

1. COURTS—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

When the jurisdiction of a federal court depends upon the case being one arising under the Constitution or laws of the United States, the facts necessary to make such a case must be plainly shown upon the record, and it is not enough that such question may arise.

[Ed. Note.—Jurisdiction in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

2. CONSTITUTIONAL LAW—IMPAIRMENT OF CONTRACTS—UNAUTHORIZED ACTION BY MUNICIPALITY.

A federal court is without jurisdiction of a suit to enjoin the enforcement of a municipal ordinance, on the ground that it impairs the obligation of a contract or deprives complainant of property without due process of law, in violation of the Constitution of the United States, when the bill

alleges that no power had been granted to the municipality by the Constitution or Legislature of the state to pass such ordinance; the prohibition of the federal constitution being against state action only.

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

The following is the opinion of Evans, District Judge, of the Circuit Court:

This case has been argued upon defendant's demurrer to the bill of complaint and upon complainant's motion for a temporary injunction, and it is important at the threshold to ascertain what is the real scope of the bill, for, when we have done that, the questions raised at the argument will require little discussion. A careful consideration of it has led me to the conclusion that the bill, after showing the nature and extent of complainant's business in Louisville and the rights it claims under its articles of incorporation, in substance and effect avers that defendant has enacted a certain ordinance whereby it undertook to fix the maximum rates which complainant might charge its patrons in the city; that the city had no lawful power to fix other than reasonable rates; that the rates fixed by the ordinance were unreasonably low; that the enforcement of the ordinance would, for that reason, practically confiscate the plaintiff's property; and that thus it would be deprived thereof by the city without due process of law, and in violation of the fourteenth amendment to the Constitution of the United States. This is the fundamental ground for the relief asked, whatever argumentative details may be urged in the pleading.

1. The judiciary act gives the Circuit Courts jurisdiction of actions which arise under the Constitution or laws of the United States, and it is obvious that the relief sought in this instance is based upon a claim made under the Constitution of the United States. There could scarcely be found a plain, adequate, and complete remedy at law against the city. Indeed, it is difficult to conceive of any form of action at law which would be available to the complainant for remedying the alleged wrong it complains of. There does not therefore seem to be any reasonable doubt either of the jurisdiction of the court or of the proposition that, if the averments of the bill be true, it states a ground for equitable relief. The cases of Chicago, etc., Ry. Co. v. Minnesota, 134 U. S. 458, 10 Sup. Ct. 462, 33 L. Ed. 970, Reagan v. Trust Co., 154 U. S. 399, 14 Sup. Ct. 1047, 38 L. Ed. 1014, Railway Co. v. Gill, 156 U. S. 649, 15 Sup. Ct. 484, 39 L. Ed. 567, Covington, etc., Co. v. Sandford, 164 U. S. 578, 17 Sup. Ct. 198, 41 L. Ed. 560, and Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819, seem to leave no room for doubt upon either of the two propositions just indicated. Neither of those propositions, however, could be maintained if the sole claim made by the bill was that the Constitution and laws of Kentucky did not give the defendant the power to pass the ordinance complained of. If that were all, no question would arise under the Constitution or laws of the United States, and the action would not be based upon any federal question. Mayor, etc., v. Holst, 132 Fed. 901. 65 C. C. A. 449; New Orleans v. Benjamin, 153 U. S. 424, 14 Sup. Ct. 905, 38 L. Ed. 764; Hamilton Gas, etc., Co. v. Hamilton City, 146 U. S. 258, 13 Sup. Ct. 90, 36 L. Ed. 963. But we think the bill, fairly considered, does not admit of that construction. It is clearly founded upon the claim that the rates fixed would deprive the complainant of the benefits of its property and turn those benefits over to others, thus confiscating it without due process of law, and thus basing complainant's right of action upon the Constitution of the United States, and not upon the law or the Constitution of Kentucky.

But it is insisted that, as the bill avers that the ordinance is void because the city council had no legislative or constitutional power to enact the ordinance, no cause of action is stated, and authorities are referred to, among them the opinion of Judge Grosscup in People, etc., Co. v. City of Chicago (C. C.) 114 Fed. 388. If the averments referred to were the entire claim of the complainant, there might be some force in the contention; but it is by no means all. As already indicated, the fundamental claim is that the city cannot confiscate the complainant's property by taking the benefits thereof from the

complainant without due process of law; that the city can only fix reasonable rates under the contract between it and complainant; and that without authority it has passed the ordinance which is claimed to be void. The mere fact that the ordinance is void or invalid or unauthorized would be no ground for denying the relief. On the contrary, it is because the ordinance is asserted to be invalid and to be violative of the federal Constitution that the relief prayed for is asked. If the order be valid and authorized, then the city had the right to enact it, and that would end the matter. In the case last referred to Judge Grosscup said: "My jurisdiction of the case does not extend to that question [namely, the interpretation of the state statutes], unless its decision one way or the other is a necessary predicate of the constitutional question involved." In that case it was not such a necessary predicate, but here it is, because the very question to be determined is whether the passing and enforcing of the ordinance would deprive the complainant of a constitutional right. The cases of Hamilton Gas, etc., Co. v. City of Hamilton, 146 U. S. 258, 13 Sup. Ct. 90, 36 L. Ed. 963, and Savannah, Thunderbolt, etc., Ry. v. Savannah, 198 U. S. 392, 25 Sup. Ct. 690, 49 L. Ed. 1097, especially the former are much in point upon the jurisdictional question.

Assuming the averments of the bill to be true, a case for equitable relief is shown, and the demurrer will be overruled.

2. We come now to the motion for a temporary injunction pendente lite. A case like this usually cannot be determined upon demurrer, for the court would hardly feel authorized to conclude at that stage that the rates are in fact unreasonable and confiscatory. All that it will now decide is that, as the sworn averments of the bill stand undenied, they should be regarded, for the purposes of the motion, as prima facie true. This being so, it is a fair exercise of discretion to preserve the present status by enjoining the enforcement of the ordinance until the issue can be made up and steps taken fully to ascertain all the facts that should have a bearing upon the matter to be determined. The propriety of such a course will become apparent when we consider the rule which should govern such cases. That rule, we think, is fairly and very accurately stated in the recent work on the Law of Railroad Rate Regulation by Nagel, section 312 of which is as follows:

"The reasonableness of the schedule as a whole depends as has been seen, upon whether it yields a fair return to the carrier. This is largely a mathematical question. The carrier is entitled, first, to pay all expenses, which would include both the actual expenses of operation and also certain annual charges that must be paid before any real profit can be realized. He is entitled furthermore to gain a fair profit on his capital invested. The determination of the actual amount of the capital invested may be a matter of some difficulty. Once determined, the rate of profit upon that amount of capital is a question which will be determined, generally speaking, by the ordinary business profit of the time and place. A schedule of rates will be reasonable from the point of view of the carrier if it yields him a net profit equal to that which would be realized, as a business question, from any other business where the capital and the risk were the same."

True, in terms, this relates to carriers, but there can be no difference in the applicable principle. This rule must guide us in the further progress of the case, and it will demand a very full investigation of all the facts.

It was insisted at the argument with great earnestness that the bill only covers an attempt to enjoin prosecutions for crimes, and authorities were read in that connection. Upon the general proposition, of course, there can be no doubt so far as federal jurisprudence is concerned. Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535, was most relied upon; but, while it states the general doctrine, a careful reading of the opinion will show that it was based solely upon the ground that the suit was substantially an action against the state of Alabama, and for that reason could not be maintained. The other provisions in the judgment directed were incidental to the main proposition. There was nothing said in that case in conflict with the doctrines laid down in the opinion in the cases to which we first referred, and all of which were referred to in Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 888, 43 L. Ed. 197. Another case cited was Camden, etc., Co. v. Catlettsburg (C. C.) 129 Fed. 422; but the second of the syllabi to it correctly shows that

the distinction there taken was that, while you might not enjoin prosecutions already begun, there was no difficulty about enjoining certain forms of effort to begin prosecutions in cases like this. While a criminal action already begun may not be enjoined, yet if the city of Louisville, its officers, employés, agents, or others, should seek to enforce an ordinance held, prima facie, to be void, we see no reason why all of them or any of them may not be enjoined from attempting to do so by instituting prosecutions for its enforcement, especially where there are as many as 10,500 patrons, as it appears there are here, and where as to each one of them a prosecution might possibly be begun, thus making it most oppressive. This phase of the matter was discussed in L. & N. R. R. Co. v. McChord (C. C.) 103 Fed. 226.

It is also urged that, as the ordinance has actually been passed, no remedy is available to the complainant as against the city. The action of the city in the premises could not be enjoined before it was complete. In the precisely analogous case of McChord v. L. & N. R. R., 183 U. S. 483, 22 Sup. Ct. 165, 46 L. Ed. 289, the Supreme Court held that merely threatening to fix rates could not be enjoined, but that parties must wait until rates are fixed, and then apply for an injunction against carrying the schedules into effect, if they wished to test the question. It would be most remarkable if the city could pass a void and oppressive ordinance, and then lie back and say: "We have acted. Make the most of it. We are out of reach." The very measure which the city enacted is the thing the complainant seeks to invalidate. The action of the city alone gave that measure vitality and force. Its power alone can enforce it. In order to prevent its enforcement the city must be reached. So that, we think for the present the city, its officers, agents, employés, and all other persons who may have knowledge of the injunction, should be restrained, and all such may become amenable to the process of the court if they attempt to enforce the ordinance until the question of its validity is finally passed upon. All the injunction can do is to preserve the present status. It is by no means a final determination of the questions involved.

We see no reason why a temporary injunction pendente lite in the form indicated should not be granted, and the motion therefor is sustained.

A. E. Richards and A. B. Bensinger, for appellant.
Wm. L. Granbery and D. W. Fairleigh, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a bill filed in the Circuit Court to restrain the enforcement of a municipal ordinance regulating charges for telephone service in the city of Louisville, on the ground that the ordinance was violative of the obligation of a contract between the complainant and the city, and also on the ground that the rates prescribed were unreasonable, unjust, and confiscatory, and, if enforced, would deprive complainants of their property without compensation and without that due process of law guaranteed by the fourteenth amendment. An injunction pendente lite was allowed upon the averments of the bill, and from this order the city of Louisville has appealed under the seventh section of the Court of Appeals act, as amended by Act April 14, 1906, c. 1627, 34 Stat. 116. The propriety of the preliminary injunction must turn here upon the question of the jurisdiction of the Circuit Court. There was no jurisdiction by reason of diversity of citizenship; the complainant being a business corporation created under the laws of Kentucky, and the defendant a municipal corporation of the same state. Jurisdiction was invoked upon the contention that this is a suit arising under the Constitution or laws of the United States. That the bill does aver that the ordinance impairs the obligation of a contract and is also an attempt

to deprive complainant of its property without due process of law is plain enough. But the constitutional prohibitions which are invoked run against the state, and the state alone, while the bill of the complainant in plain words negatives state action by averring that "no power to regulate the rates charged by your orator or other telephone companies" has been granted "by the Constitution or the Legislature of the state of Kentucky, or in any other way," and that the enactment of said ordinance was and is beyond the power of the common council of said city, and the said "ordinance void and an assumption of power and authority upon the part of the said common council unwarranted and unfounded."

If this be true, there was no state authority behind the action of the Louisville common council, and no ground to claim that constitutional prohibitions have been violated which are pointed at state aggression only. A municipal ordinance may be the exercise of a delegated legislative power conferred upon it as one of the political subdivisions of the state; but, to be given the effect and force of a law of the state, it must have been enacted in the exercise of some legislative power conferred by the state in the premises. Murray v. Charleston, 96 U. S. 432, 440, 24 L. Ed. 760; New Orleans Water Works v. La. Sugar Co., 125 U. S. 18, 31, 8 Sup. Ct. 741, 31 L. Ed. 607; Hamilton Gaslight Co. v. Hamilton, 146 U. S. 258, 266, 13 Sup. Ct. 90, 36 L. Ed. 963; Iron Mountain R. R. Co. v. Memphis, 96 Fed. 113, 126, 37 C. C. A. 410; St. Paul Gas Co. v. St. Paul, 181 U. S. 142, 148, 21 Sup. Ct. 575, 45 L. Ed. 788; Barney v. City of New York, 193 U. S. 430, 24 Sup. Ct. 502, 48 L. Ed. 737; Manhattan Railway v. City of New York (C. C.) 18 Fed. 195; Kiernan v. Multnomah County (C. C.) 95 Fed. 849; and Savannah, etc., Ry. Co. v. Savannah, 198 U. S. 392, 25 Sup. Ct 690, 49 L. Ed. 1097.

In Hamilton Gaslight Co. v. Hamilton, cited above, Justice Harlan said:

"A municipal ordinance, not passed under supposed legislative authority, cannot be regarded as a law of the state within the meaning of the constitutional prohibition against state laws impairing the obligations of contracts. Murray v. Charleston, 96 U. S. 432, 440, 24 L. Ed. 760; Williams v. Bruffy, 96 U. S. 176, 183, 24 L. Ed. 716; Lehigh Water Co. v. Easton, 121 U. S. 388, 392, 7 Sup. Ct. 916, 30 L. Ed. 1059; N. O. Waterworks v. Louisiana Sugar Co., 125 U. S. 18, 31, 38, 8 Sup. Ct. 741, 31 L. Ed. 607. A suit to prevent the enforcement of such an ordinance would not therefore be one arising under the Constitution of the United States."

If the state has conferred authority upon the municipality to establish and enforce reasonable rates for telephone service, then the establishment of rates under this power would be the establishment of rates by the state itself. Reagan v. Farmer's Loan & Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014. But this is just what the bill charges has not been done, thereby depriving the Circuit Court of every foundation for its jurisdiction as a suit arising under the Constitution or laws of the United States. Counsel now say that the averment that no power has been delegated by the state to the city of Louisville to regulate the rates to be charged for telephone service to

be rendered in the city is a mistaken averment of law, and should be ignored in consequence of a prior statement of the bill, in which it is said that "the common council of the city of Louisville assumed and claimed to have been given the authority by the Legislature of the commonwealth of Kentucky, to regulate the charges and rates to be charged by telephone companies," and had upon such assumption, passed the ordinance complained of. Counsel says this shows that the city council acted under color of authority and should save the jurisdiction. But these averments are not inconsistent, and do not bring the case within Savannah, etc., Ry. Co. v. Savannah, cited above, where there were inconsistent and contradictory averments as to the authority for the tax assessment in question. That the common council "assumed" and "claimed" to have the power to do what it did do is self-evident. The enactment of the ordinance is in itself, and from any point of view, an assumption and claim of right to do what it did. This averment is therefore far from an averment that the common council was exercising a power of regulation conferred by the state. To make it clear that it had no general regulating power over such companies, and that it was acting outside of any such delegated regulating power, the clause relied upon now as asserting that the city council did act by authority of the state was followed by the distinct averment, above referred to, that the council acted wholly without any authority from the state. This makes an issue under the law of the state. If the fact be that no provision of the state Constitution, or of state law, or of the municipal charter, delegates the state power in respect to the regulation of the charges of telephone companies rendering services within the city of Louisville, the ordinance is void as ultra vires, and its enactment did not violate any prohibition of the Constitution of the United States, because not enacted in pursuance of any state authority.

When jurisdiction depends upon the case being one arising under the Constitution or laws of the United States, the facts necessary to make such a case must be plainly shown upon the record, and it is not enough that such question may or may not arise. New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764; McCain v. Des Moines, 174 U. S. 168, 181, 19 Sup. Ct. 644, 43 L. Ed. 936; Western Union Tel. Co. v. Ann Arbor R. R. Co., 178 U. S. 239, 244, 20 Sup. Ct. 867, 44 L. Ed. 1052; Manhattan R. R. Co. v. City of New York (C. C.) 18 Fed. 195; Levy v. Shreveport (C. C.) 28 Fed. 209.

The most that can be made of the averments of this bill is that it presents questions arising under the Constitution and laws of the state. The remedy in such cases is in the courts of the state. If it shall turn out that the common council did have general power to regulate the charges of telephone companies rendering services within the city of Louisville, and that it has illegally exercised that power, either because it has thereby impaired the obligation of a contract, or by imposing rates which are unjust and confiscatory, a federal question may arise. But it is not enough to found jurisdiction upon that such a question may arise when the bill expressly avers that the action of the common council is not imputable to the state by charging that no such power had been delegated by the state.

The conclusion is that the court below erred in allowing an injunction, because it was without jurisdiction to entertain the bill at all.

Remanded, with direction to dissolve the injunction and dismiss the bill.