## PALESTINE TELEPHONE CO. v. CITY OF PALESTINE et al.

(District Court, E. D. Texas, Beaumont Division. July 31, 1924.)

No. 266.

**1. Courts ⚖299—Jurisdiction determined by allegations of bill.**

Question of federal court's jurisdiction, because federal question is presented, must be determined on allegations of bill, and, if required jurisdictional facts appear therein, court has no discretion, but must hear and determine controversy.

**2. Constitutional law ⚖12—Fourth Amendment applies to acts of United States Congress, and Fourteenth Amendment to acts of states.**

Const. Amend. 4, applies only to legislation by Congress, and Amendment 14 applies only to acts of states.

**3. Courts ⚖282(3)—Municipal ordinance may be act of state, so that its validity may be tested under Fourteenth Amendment in federal courts.**

Municipal ordinance may be exercise of delegated legislative power, and thus have force of state law, and its validity under Const. Amend. 14, may be tested in federal courts; but, if it is enacted without legislative authority, its validity cannot be so tested in federal District Court.

**4. Courts ⚖284—Injunction against municipal ordinance violating statute and Constitution of state, as well as federal Constitution, held not within jurisdiction of federal court.**

Bill to enjoin enforcement of municipal ordinance regulating telephone charges, alleging ordinance violated state Constitution and statutes, as well as United States Constitution, was not within jurisdiction of federal District Court, as involving federal question.

In Equity. Suit by the Palestine Telephone Company against the City of Palestine and others. On motion to dismiss complainant's bill. Motion granted.

W. C. Campbell, of Palestine, Tex., for complainant.

Greenwood & Barton, of Palestine, Tex., for respondents.

ESTES, District Judge. The complainant herein, a domestic public service corporation, is seeking to enjoin the defendants, the city of Palestine and its governing officers, from the enforcement of an ordinance relating to charges for telephone service, which ordinance it alleges to be unreasonable and confiscatory, and for that reason in violation of the provisions of the Constitution of the United States.

The bill sets forth, in detail, pertinent data respecting the history of the complainant's business, the physical condition and value of its property, the gross revenue received under the existing and that will be received under the proposed ordinance, the expenses of operation, and the various items and elements that may properly be taken into consideration in determining the reasonableness of any charge for the service it renders. It then shows the loss that would result, under the circumstances, from the enforcement of the ordinance in question and its consequent unreasonableness.

On the issue of jurisdiction the allegations are that the city is conducting its affairs under a charter granted by the Legislature of the state, which invests the city authorities, subject to the Constitution and the laws of the state on the subject, with the power to prescribe reasonable rates to be charged by public utility corporations in the city of Palestine; that a statute of Texas, which reflects the policy of the state and constitutes a part of the charter and is a restraint upon the power of the city commissioners, requires that the rates to be charged as compensation for the service the complainant is rendering shall not be less than 10 per cent. net, on the actual cost of the properties employed in the business; and that the ordinance complained of, not only disregards the provisions of said statute, but has established the rate so low as to be unjust and to make the business unprofitable, and thus to deprive the complainant of its property without due process of law, in violation of the provisions of the laws and Constitution of the state and of the Fourth and Fourteenth Amendments to the Constitution of the United States.

The respondents, in a motion to dismiss, have challenged the jurisdiction of the court. They make the point that, since the bill shows that the ordinance in question does not conform to either the state laws or to the state Constitution, a federal question is not presented, but, instead of that, the issue can be and should be settled in the state courts.

[1] The question of jurisdiction must, of course, be determined by the allegations in

the bill. Jurisdiction, in cases like this, is not a matter of discretion with the court. If the requisite jurisdictional facts appear in the pleading, the controversy must be heard and determined; otherwise, not. Willcox v. Consolidated Gas Co., 212 U. S. 40, 29 Sup. Ct. 192, 53 L. Ed. 382, 48 L. R. A. (N. S.) 1134, 15 Ann. Cas. 1034; Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257; Western Union Telegraph Co. v. Ann Arbor Railroad, 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052.

[2] It is well settled that the Fourth Amendment to the Constitution has reference to legislative enactments by the Congress of the United States (Barron v. Baltimore, 7 Pet. 243, 8 L. Ed. 672), and that the Fourteenth Amendment applies only to expressions of the will of the state; that is, the act of the state must be the subject of the controversy. Not only the decisions, but the language of the amendment itself, make that clear. "Nor shall any *state* deprive any person of life, liberty, or property, without due process of law." Hamilton Gaslight Co. v. Hamilton, 146 U. S. 258, 13 Sup. Ct. 90, 36 L. Ed. 963; Louisville v. Cumberland Telephone Co., 155 Fed. 729, 84 C. C. A. 151, 12 Ann. Cas. 500; Seattle Electric Company v. Seattle Railway Co., 185 Fed. 369, 107 C. C. A. 421.

[3] A municipal ordinance may be the exercise of a delegated legislative power, and thus have the force and effect of a law of the state. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Wright v. Nagle, 101 U. S. 794, 25 L. Ed. 921; Hamilton Gaslight Co. v. Hamilton, supra; Louisville v. Cumberland Telephone Co., supra. But, if the ordinance is enacted without legislative authority, it is not in that category, and this court is without power to test its validity by the Fourteenth Amendment. Memphis v. Cumberland Telephone Co., 218 U. S. 630, 31

Sup. Ct. 115, 54 L. Ed. 1185; Hamilton Gaslight Co. v. Hamilton, supra; Louisville v. Cumberland Telephone Co., supra; Seattle Electric Co. v. Seattle Railway Co. supra.

[4] I have reached the conclusion that a fair analysis of the allegations in this bill demonstrates that the ordinance in question is not an act of the state. I am inclined to think that the purpose in the mind of the pleader was to charge that it was. But, even so, doubt on the subject must be resolved against jurisdiction. Memphis v. Telephone Co., supra; Capital Gas Co. v. Des Moines (C. C.) 72 Fed. 819.

For instance, it appears from the bill that the charter under which the respondents are acting has limitations about it that are set up by the state itself, with respect to the regulation and control of public utility corporations. It is stated, in so many words, that the city authorities, by enacting the ordinance in question, violated, not only the statute, but the Constitution of the state. The substance of the charge is that the enactment of the ordinance was beyond the power of the city authorities.

The cases of Louisville v. Telephone Company, Memphis v. Telephone Company, Barney v. City of New York, and other cases I have mentioned above, seem to me, in that state of affairs, to be directly in point. They establish the proposition that, if the ordinance was not within the authority delegated by the state in respect of such matters, this court has no jurisdiction to determine an issue respecting its constitutionality, even though, in fact, it is unconstitutional. The procedure in such a case is in the state courts, and through them to the Supreme Court of the United States. Seattle Electric Co. v. Seattle Railway Co., supra; 5 Enc. U. S. Sup. Repts. 543.

It follows, from these observations, that the motion to dismiss is, in my opinion, well taken, and it is therefore sustained, and an order to that effect may be prepared and entered.