SEATTLE ELECTRIC CO. v. SEATTLE, R. & S. RY. CO.†

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,855.

**1.** COURTS (§ 407*)—JURISDICTION OF CIRCUIT COURTS OF APPEALS—DECISIONS REVIEWABLE—INTERLOCUTORY ORDER GRANTING INJUNCTION.

Under Act March 3, 1891, c. 517, § 7, 26 Stat. 828 (U. S. Comp. St. 1901, p. 550), as amended by Act April 14, 1906, c. 1627, 34 Stat. 116 (U. S. Comp. St. Supp. 1909, p. 220), an appeal lies from an interlocutory order of a Circuit or District Court granting an injunction "in any cause" to the Circuit Court of Appeals, whether or not an appeal would lie to such court from the final decree therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. § 407.*

Jurisdiction of Circuit Courts of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land Emigration Co. v. Gallegos, 32 C. C. A. 475.]

**2.** COURTS (§ 407*)—CIRCUIT COURTS OF APPEALS—APPEAL FROM ORDER GRANTING INJUNCTION—SCOPE AND EXTENT OF REVIEW.

On an appeal from an interlocutory order of a Circuit Court granting an injunction, the Circuit Court of Appeals has jurisdiction to determine whether or not the Circuit Court had jurisdiction of the case by reason of the presence or absence of a constitutional question.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. § 407.*]

**3.** COURTS (§ 299*)—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

It must appear from the pleadings, by a statement in legal and logical form, that a suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, in order to confer jurisdiction on a Circuit Court on that ground.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

**4.** CONSTITUTIONAL LAW (§§ 206, 251*)—PROHIBITION OF FEDERAL CONSTITUTION—LAWS OF STATE—MUNICIPAL ORDINANCES.

A municipal ordinance, passed pursuant to the authority of the state, which abridges the privileges or immunities of the citizen or deprives a person of property without due process of law, may be an act of the state prohibited by the federal Constitution, but to come within such prohibition the ordinance must, by implication at least, express the will of the state.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 625–648, 726, 727; Dec. Dig. §§ 206, 251.*]

**5.** CONSTITUTIONAL LAW (§ 280*)—COURTS (§ 282*)—JURISDICTION OF FEDERAL COURT—FEDERAL QUESTION.

Where a franchise to construct and operate a street railroad on certain streets was granted to complainant by an ordinance which expressly provided that the grant was not exclusive, and reserved the right to the city to grant other franchises in the same streets, or to itself construct and operate railways thereon, a subsequent ordinance, granting a similar franchise to another company, covering in part the same streets, but expressly providing that, before tracks should be laid in any location where any person or company would be entitled to compensation for damages occasioned thereby, such damages should be ascertained and settled according to law, was not in violation of the federal Constitution as depriving complainant of its property without due process of law, and a bill setting out such facts in a suit to enjoin the grantee from proceeding

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied March 10, 1911.

under the ordinance does not state a case within the jurisdiction of a federal court as involving a real and substantial controversy depending upon the construction of the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 877–890; Dec. Dig. § 280;* Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.]

6. COURTS (§ 282*)—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION. ·

A suit to enjoin the enforcement of a municipal ordinance on the ground that it will deprive complainant of its property without due process of law is not within the jurisdiction of a Circuit Court of the United States as involving a constitutional question, where the state Constitution contains a similar prohibition, and the ordinance, if invalid under one, is equally so under the other; the rule being that in such cases the remedy must be first sought in the state courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Mining Co., 35 C. C. A. 7.]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Suit in equity by the Seattle, Renton & Southern Railway Company against the Seattle Electric Company. Defendant appeals from an order granting a preliminary injunction. Reversed.

James B. Howe, for appellant.

Will H. Thompson and Morris B. Sachs, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellee, a corporation organized and doing business under the laws of the state of Washington, operating a street railway on Rainier avenue and other streets in Seattle, under a franchise granted its predecessors in interest by the city of Seattle, by ordinances including, among others, ordinance No. 15,919, dated May 6, 1907, was the complainant in the court below in a bill in equity for the purpose of obtaining an interlocutory decree and perpetual injunction restraining the appellant, also a corporation of the state of Washington, and also operating a street railway system in the city of Seattle, from constructing a street railway upon Rainier avenue under a franchise granted it by the city of Seattle by ordinance No. 22,933, dated January 10, 1910.

The conflicting claims and alleged rights of the two corporations to occupy and operate two double street railways along Rainier avenue between certain designated points is set forth in detail in the bill of complaint. It will not be necessary to enter into a recital of these allegations. For the present purpose it will be sufficient to state that the bill of complaint alleges that the complainant has been, for many years, operating a line of electric railway along certain streets in the city of Seattle, including Rainier avenue, under a franchise granted by the city of Seattle, and including also the right to operate its line of railway over certain rights of way acquired by complainant in or adjacent to Rainier avenue; that the city of Seattle has since making the grant to complainant under ordinance No. 15,919, dated May 6,

1907, granted to the defendant, under ordinance No. 22,933, dated January 10, 1910, the right and privilege to build, construct, and operate an electric railway with double tracks along Rainier avenue between points now occupied by the complainant under its franchise, and the board of public works of the city of Seattle has issued a permit to the defendant to construct a railway.

It is alleged that, if defendant is permitted under and in accordance with ordinance No. 22,933 to proceed with and carry to completion the construction of the railway contemplated by and mentioned in said ordinance, such railway would interfere with the operation of complainant's railway on Rainier avenue under the franchise and over its acquired rights of way; the property of the complainant would be greatly and irreparably damaged; that the operation of the complainant's railway would be greatly hampered, obstructed, and rendered inefficient; that the earnings thereof would be greatly reduced, and the cost of operating thereof would be greatly increased; that the franchise granted by the city of Seattle would become greatly less in value; that the cost of maintaining and operating said complainant's railway line would be greatly increased; that the value of complainant's franchise would be greatly and materially decreased, and all the securities of the complainant and all bondholders and security holders whose bonds and securities were liens and incumbrances upon the complainant's railway and franchise would be greatly reduced in value, and the security thereof almost destroyed; that none of such injuries and damages to the complainant's railway and to the securities could be determined and measured or compensated in money; and the complainant and the owners of the securities would be without any adequate legal remedy whatever, and were wholly dependent upon the interposition of equity.

It is further alleged that ordinance No. 22,933 was granted by the city of Seattle to the defendant in violation of the terms of the franchise owned and used by the complainant; and that the ordinance was obtained by the defendant in fraud of the rights of the complainant and granted illegally and without right by the city of Seattle, and by the terms of the ordinance the property, rights, and privileges enjoyed by the complainant would be taken from it without due process of law and in contravention of the Constitution and laws of the United States, and that said alleged ordinance was without authority of law, and was null and void, and without force and effect. The allegations of the bill were supported by affidavits at the hearing.

Upon the filing of the complaint, an emergency appearing, an order for the defendant to show cause was issued, accompanied by a temporary restraining order. Upon the order to show cause a hearing was had upon the allegations of the complaint and upon affidavits in support of and in opposition thereto. Thereupon the court issued an interlocutory order or decree restraining and enjoining the defendant until the further order of the court and during the pendency of the action from proceeding with the construction work of a railway in any part of Rainier avenue between Jackson and Edmunds streets, in the city of Seattle.

From the interlocutory decree the defendant appealed on the ground that it was improvidently granted; that the case is not within the jurisdiction of a court of equity; and that the Circuit Court, as a court of the United States, has no jurisdiction of the suit.

The appellee in this court has moved to dismiss the appeal on the ground that the jurisdiction of the Circuit Court was not invoked on the ground of the diverse citizenship of the parties, and, the sole question being the construction of the Constitution of the United States, this court is without jurisdiction to hear the appeal. This was the law under the act of March 3, 1891 (chapter 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 488]), as originally enacted, and it was so held in the cases cited by the appellee; but the law has been amended for the express purpose of giving the Circuit Court of Appeals appellate jurisdiction in such cases.

Section 7 of the act of April 14, 1906 (34 Stat. 116 [U. S. Comp. St. Supp. 1909, p. 220]), provides:

"That where, upon a hearing in a District or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed by an interlocutory order or decree, in any cause an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver, to the Circuit Court of Appeals."

The words "in any cause" in this section were an amendment to the original section, act of March 3, 1891 (26 Stat. 826, 828), as amended by the act of February 18, 1895 (28 Stat. 666), and by the act of June 6, 1900 (31 Stat. 660 [U. S. Comp. St. 1901, p. 550]), and was substituted in the act in place of the provision "in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals." The purpose of Congress in substituting the words "in any cause" for the provisions referred to in the act of March 3, 1891, as amended, was to confer upon the Circuit Court of Appeals jurisdiction to hear appeals from interlocutory orders or decrees granting or continuing injunctions or appointing receivers where constitutional questions were involved. Without this provision there was no appeal from an order or decree of a District or Circuit Court, or judge thereof, granting or continuing an injunction or appointing a receiver if a constitutional question was alleged in the bill of complaint. The only hearing in a case involving the construction or application of the Constitution of the United States was in the Supreme Court upon an appeal from final decree; and this delay for the entry of a final decree was deemed to be a matter of great hardship in such cases, hence the statute was amended giving the Circuit Court of Appeals jurisdiction "in any cause" to hear appeals from interlocutory decrees granting or continuing injunctions or appointing receivers whether a constitutional question was involved or not. Cong. Record, 59th Cong., 1st Sess. vol. 40, pt. 2, p. 1723; volume 40, pt. 5, pp. 4856, 4857.

The motion to dismiss the appeal is therefore denied.

This court having jurisdiction on appeal from an interlocutory order to determine a constitutional question, it follows that the court has jurisdiction to determine whether the Circuit Court had or had not jurisdiction of the case by reason of the presence or absence of such

constitutional question. City of Louisville v. Cumberland Tel. & Tel. Co., 155 Fed. 725, 728, 84 C. C. A. 151.

The allegation of the bill of complaint upon which a constitutional question is based is the following:

"That said alleged ordinance No. 22,933 was granted by the city of Seattle to the said the Seattle Electric Company, defendant herein, in violation of the terms and conditions of the franchise now owned and used by the complainant company evidenced by ordinance No. 15,919, and that said alleged ordinance No. 22,933 was obtained by said the Seattle Electric Company in fraud of the rights of complainant, and granted illegally without right by the city of Seattle, and by the terms of said alleged ordinance the property, rights, and privileges enjoyed by this complainant will be taken from it without due process of law and in contravention of the Constitution and laws of the United States, and that said alleged ordinance is without authority in law and is null and void and of no force and effect."

Is this allegation sufficient to invoke the jurisdiction of the Circuit Court on the ground that the case is one arising under the laws or the Constitution of the United States? The Circuit Court has jurisdiction in a case when the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States; but the claim must be real and substantial. Section 5, Act March 3, 1875 (18 Stat. 470, 472). As said by the Supreme Court in the recent case of City of Memphis v. Cumberland Tel. & Tel. Co. (decided December 12, 1910), 218 U. S. 624, 31 Sup. Ct. 115, 54 L. Ed. 1185: "A mere claim in words is not enough." The court cites, among others, the case of Western Union Tel. Co. v. Ann Arbor R. R. Co., 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052, where it is said:

"When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained on this ground."

The fact that the Circuit Court has held that a case before it does involve a constitutional question is not sufficient to determine the question of jurisdiction of that court, if upon examination of the record the appellate court finds that such a claim is inconsistent with the position taken by the bill. City of Memphis v. Cumberland Tel. & Tel. Co., supra.

The jurisdiction of the Circuit Court is invoked under provisions of the fourteenth amendment to the Constitution. The specific provisions are that:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law."

These provisions have reference to state action exclusively, and not to any action of a private individual or corporation. It is the state that is prohibited from abridging the privileges or immunities of citizens of the United States, and from depriving any person of life, liberty, or property without due process of law. The state may act through

different agencies, through its legislative, executive, or judicial authority. Virginia v. Rives, 100 U. S. 313, 316, 25 L. Ed. 667; Civil Rights Cases, 109 U. S. 3, 11, 3 Sup. Ct. 18, 27 L. Ed. 835. A municipal corporation may be such an agency. Its power is generally that of a political subdivision of the state created by virtue of the power of the state acting through its legislative department. Worcester v. Street Ry. Co., 196 U. S. 539, 548, 25 Sup. Ct. 327, 49 L. Ed. 591; St. Paul Gaslight Co. v. St. Paul, 181 U. S. 142, 148, 21 Sup. Ct. 575, 45 L. Ed. 788. A municipal ordinance passed pursuant to the authority of the state which abridges the privileges or immunities of a citizen or deprives a person of property without due process of law may be therefore an act of the state prohibited by the Constitution. But the ordinance to come within the prohibition of the amendment must, by implication at least, express the will of the state. It must be the act of the state. City of Louisville v. Cumberland Telephone & Telegraph Co., 155 Fed. 725, 729, 84 C. C. A. 151. With these fundamental principles before us, let us make further inquiries concerning the ordinance involved in this case. We find that under ordinance No. 15,-919, the complainant has a franchise to operate a double-track street railway along Rainier avenue between certain designated points. But the franchise is not exclusive. It is provided in section 4 of the ordinance:

"That the rights, privileges and franchises herein granted shall not be deemed exclusive, and the right is hereby reserved to the city of Seattle, to grant to any other person or persons, company or companies, or to any commission appointed under the then existing laws of the state of Washington and the city charter, or to itself exercise the right and privilege to construct, lay down, maintain and operate a line or lines of railway through, along and over the streets herein mentioned."

In section 4 of the ordinance No. 22,933, under which the defendant claims to have a franchise to construct and operate a street railway along Rainier avenue, it is provided that:

"Before any railway tracks shall be laid in any street or portion of a street, in any location where any person or company entitled to compensation for damages occasioned thereby, all injuries or damages to be occasioned thereby shall be ascertained and settled by the grantee, its successors or assigns, according to law."

In what respect does the latter ordinance conflict with the Constitution of the United States?

The complainant's right to occupy Rainier avenue for the purpose of a street car line is not exclusive. The city has under its charter the right to construct and operate lines of railway over its streets, or to grant to others the privilege of constructing and operating such street railways. In its grant to complainant it reserved that right and granted it to the defendant; but it has expressly provided in the grant that, if the complainant "is entitled to compensation for damages occasioned thereby, all injuries or damages to be occasioned thereby shall be ascertained and settled by the grantee, its successors or assigns, according to law."

Manifestly the ordinance is not in conflict with the Constitution of the United States. Instead of taking complainant's property without

due process of law, it expressly provides that it shall not be so taken. There is no right claimed under it by the defendant contravening any rights secured to the complainant under the Constitution of the United States. This proposition requires no discussion. It appears plainly and distinctly upon the face of the ordinances. But it is contended by the complainant that the physical property and the property rights of the complainant in the maintenance, integrity, and operation of its plant are being physically invaded by the defendant under color of the ordinance, and that such invasion will inflict an irreparable injury upon complainant; and that under the Constitution and laws of the United States complainant has the right to maintain the integrity of its railway plant and operate the same in the location where it now exists; and that, if it is deprived of this right, its property will be destroyed without due process of law. But the complainant took its franchise and located its line of railway subject to the right of the city to grant to another a franchise under which it would be authorized to operate a street railway over a street occupied by the complainant.

This physical interference by the defendant with the integrity of complainant's plant cannot be distinguished from the interference with the right granted to complainant to operate a street railway under the ordinance. If the complainant has not an exclusive right to operate a street railway over Rainier avenue, neither has it an exclusive right to maintain a plant for the purpose of exercising the right of operating a street railway over that avenue. The grant to the defendant of the right to operate a street railway carries with it the right to erect and maintain all the usual and necessary appliances for making the grant available for the uses and purposes intended. In the case of the Hamilton Gaslight Co. v. Hamilton City, 146 U. S. 258, 265, 13 Sup. Ct. 90, 36 L. Ed. 963, the parties to the action were both corporations of the state of Ohio. The complainant invoked the jurisdiction of the United States Circuit Court to secure the protection of the Constitution, as in this case. It was alleged that the complainant, a gaslight company, had been organized under a law which secured it against interference with its business on the part of the city. A subsequent statute threatened such an interference. Referring to the threatened physical destruction of complainant's plant, the court said:

"And it may be that the erection and maintenance of gas works by the city at the public expense, and in competition with the plaintiff, will ultimately impair, if not destroy, the value of the plaintiff's works for the purposes for which they were established. But such considerations cannot control the determination of the legal rights of the parties. As said by this court in Curtis v. Whitney, 13 Wall. 68, 70 [20 L. Ed. 513]: 'Nor does every statute which affects the value of a contract impair its obligation. It is one of the contingencies to which parties look now in making a large class of contracts, and they must be affected in many ways by state and national legislation.' If parties wish to guard against contingencies of that kind, they must do so by such clear and explicit language as will take their contracts out of the established rule that public grants, susceptible of two constructions, must receive the one most favorable to the public."

But there is a further, and as we believe a conclusive, objection to the claim of right on the part of the complainant to invoke the

jurisdiction of the Circuit Court on constitutional grounds. It seems to us that in no aspect of the grant to the defendant is there a real and substantial dispute or controversy dependent upon the application of provisions of the federal Constitution. If it should be conceded that in some view of the ordinance and defendant's action under color of its provisions there would be a taking of complainant's property without due process of law, still it would not follow that the Circuit Court had jurisdiction of the case unless the ordinance in that aspect would be the supreme law of the state. The supreme law of the state is the Constitution of the state; and that document provides, in article 1, § 3, as does the fourteenth amendment to the Constitution of the United States, that:

"No person shall be deprived of life, liberty, or property without due process of law."

Under this provision of the state Constitution the ordinance would be as invalid as under the federal Constitution. It would not be a state law. It would be with respect to the former, as the complainant charges in its complaint with respect to the latter, "without authority in law, null, and void, and of no force and effect." The presumption is that the courts of Washington will not deny to any of its citizens or corporations the equal protection of its Constitution. If, however, it should turn out that we are mistaken in this respect, the complainant will have his remedy in an appeal from the highest court of the state to the Supreme Court of the United States.

"The doctrine here is that the aggrieved party must first invoke the aid of the state courts, since it is for the state courts to remedy the acts of state officers done without authority of, or contrary to, state law. In such a case the complaining party must exhaust his remedy in the state courts by prosecuting his case to the state court of last resort for cases of that character; and, until he has done this, it cannot be said that he has been denied due process or deprived of his property by state action. If the decision of the highest state court to which he can resort is adverse to him, he can then take his case on writ of error to the United States Supreme Court upon the ground, not that the proceeding or action complained of was contrary to or unauthorized by state law, but upon the ground that what was complained of as a deprivation of life, liberty, or property without due process of law in violation of the fourteenth amendment has at last received the sanction of the state and, in effect, become the act of the state itself." 5 Ency. U. S. Sup. Ct. Rep. p. 545.

This was substantially the question before the Supreme Court of the United States in Hamilton Gaslight Co. v. Hamilton City, supra, where the court said:

"The jurisdiction of that court (Circuit Court of the United States) can be sustained only upon the theory that the suit is one arising under the Constitution of the United States. But the suit would not be of that character, if regarded as one in which the plaintiff sought protection against the violation of the alleged contract by an ordinance to which the state has not, in any form, given or attempted to give the force of law. A municipal ordinance, not passed under supposed legislative authority, cannot be regarded as a law of the state within the meaning of the constitutional prohibition against state laws impairing the obligations of contracts."

See, also, Barney v. City of New York, 193 U. S. 430, 24 Sup. Ct. 502, 48 L. Ed. 737.

It follows from these considerations that the Circuit Court has no jurisdiction of the case.

The judgment is therefore reversed, with instructions to dismiss the bill of complaint.