CITY AND COUNTY OF SAN FRANCISCO et al. v. UNITED RAILROADS
OF SAN FRANCISCO.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1911.)

No. 1,922.

1. CONSTITUTIONAL LAW (§ 115*)—IMPAIRMENT OF CONTRACT—STATE ACTION.
    Though a state may act through a municipal corporation to which it has delegated powers of legislation, yet, if a municipal ordinance is relied on as constituting an alleged impairment of a contract right, it must be shown to have been enacted pursuant to legislative authority

---

of the state; otherwise it does not constitute state action within the constitutional prohibition.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 115.*]

2. COURTS (§ 282*)—FEDERAL COURTS—FEDERAL QUESTION. ·

Where complainant street railroad company sued to restrain a city from proceeding to construct a municipal railroad along certain streets, claiming that the ordinance providing for such construction was in violation of both complainant's franchise and Civ. Code Cal. § 499, providing that two or more lines of street railway operated under different managements may be permitted to use the same street or tracks for a distance of five blocks without lease or contract, but in no case shall the company owning or operating one line of street railway be allowed to condemn the right to occupy and use the same street or tracks for more than five blocks consecutively, such bill alleged that the city's action was at most a violation of the city's covenant and of the express paramount law of the state, and therefore void, and hence did not show state action so as to sustain federal jurisdiction on the ground that the ordinance was violative of the constitutional provision prohibiting the state from passing any law impairing the obligation of contracts.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 282.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Mining Co., 35 C. C. A. 7; Earnhart v. Switzler, 105 C. C. A. 262.]

Appeal from the Circuit Court of the United States for the Northern District of California.

Suit by the United Railroads of San Francisco against the City and County of San Francisco and others. Decree for complainant, and defendants appeal. Reversed and remanded, with instructions to dismiss.

See, also, 180 Fed. 948.

The appeal in this case is taken from an order of the Circuit Court granting a temporary injunction restraining the appellants, pending the suit or until the further order of the court, from building, constructing, or operating a street railroad in San Francisco over and along "Market street from East street to Geary street, a distance of seven blocks," and "over and along Point Lobos avenue from Thirty-Third avenue, the point of intersection of Cliff avenue with Point Lobos avenue, a distance of nine blocks." The bill of complaint filed by the appellee sets forth several franchises granted by the city and county of San Francisco to various street railroad corporations, all of which franchises are alleged to have been assigned to the appellee. It alleges that these franchises were granted upon the condition that no more than two corporations should be granted the right to use any of the streets covered thereby for more than five consecutive blocks. It alleges certain proceedings taken by the appellants with a view to the construction of a municipal railroad beginning at the ferry and extending up Market street to Geary and out Geary to the ocean, with a branch to the City Park. These proceedings are alleged to be the action of the city resulting from the vote on two distinct propositions which had been submitted to the voters of the city; proposition No. 1 covering the Market Street Railway from the ferry to Geary street, proposition No. 2 covering the street railway from the intersection of Geary and Kearney to the ocean, with its branch to the park. The bill alleges that this railroad is about to be constructed along the said streets which are covered by the complainant's franchises and its roads. It alleges that, unless the city is restrained, the construction of its road will cause irreparable damage to the appellee, that the value of its property will thereby be depreciated, also the value of its securities and bonds. Other

facts are set forth showing the threatened injury to the appellee's property. There is no diversity of citizenship between the parties to the suit, and the jurisdiction of the Circuit Court was invoked on the ground that a federal question was involved, in that the construction of the road under the ordinances adopted by the city would result in impairing the obligation of the appellee's contracts, and taking the property of the appellee without due process of law, in violation of the fifth and fourteenth amendments to the Constitution of the United States; that the franchises granted to the appellee's predecessors in interest "were so granted and accepted upon the express condition and provision that it should be lawful for the board of supervisors of the city and county of San Francisco to grant to one other corporation than to the grantee, and to no more, the right to use the street or streets named therein for a distance of five blocks and no more, and that said grant was made upon the terms and conditions specified in section 499 of the Civil Code as said section existed in the Civil Code at the date of the passing and the adoption of said order, to wit, in the year 1879, which said section of the Civil Code is in the terms and figures following, to wit: '499. Two corporations may be permitted to use the same streets, each paying an equal portion for the construction of the track; but in no case must two railroad corporations occupy and use the same street or track for a distance of more than five blocks.'" The bill alleges that the road which the appellants are proceeding to construct will, when constructed, cover the same streets with the appellee's street railway, a distance of seven blocks on Market street and a distance of nine blocks on Point Lobos avenue. It is not alleged that the appellee had a franchise for the exclusive use of any of the streets of San Francisco, or that the appellants were unauthorized to grant franchises to others over the same streets, or to build a municipal railway in the city of San Francisco. The illegality of the proposed action of the city is alleged to consist in the fact that on Market street the road which the city proposes to build will occupy the same street with the appellee's road for a distance of two blocks, and on Point Lobos avenue for a distance of four blocks in excess of the distance which was permissible under section 499 of the Civil Code.

Percy V. Long, City Atty., Thomas E. Haven, and John T. Nourse, Asst. City Attys., for appellants.

Wm. M. Abbott, Joseph D. Redding, and Tirey L. Ford, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HANFORD, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The question arises whether there is jurisdiction on the ground that the bill presents a federal question. As sustaining the jurisdiction, the appellee relies on the allegation that section 499 of the Civil Code entered into and became a part of its contract, and that the ordinances adopted by the city with a view to the construction of a municipal railroad and its acts in carrying out those ordinances would result in an impairment of the appellee's contract as expressed in its franchises. Referring to those franchises, which are made exhibits to the bill, it will be seen that in the franchise for a street railway on Market street it is provided in section 5, as follows:

"It shall be lawful for the board of supervisors of the city and county of San Francisco to grant to one other corporation and no more the right to use either of the aforesaid streets for a distance of five blocks and no more, upon the terms and conditions specified in the 499th section of the Civil Code of this state. This section shall apply to persons and companies, as well as corporations."

In the franchise under which the appellee operates its road on Point Lobos avenue, no reference is made to section 499, but it is provided that the rights and privileges therein granted shall be held and enjoyed by the grantee, "upon such terms, conditions and restrictions as are now or may be hereafter imposed by the laws of the state of California relative to street railroads in the cities and towns therein, or are or shall be hereafter imposed by orders of the board of supervisors, and a strict compliance with said laws and orders is hereby required." So long as section 499 remained in force, these provisions of the contract added nothing to its obligations. They would have force only in case of the material amendment or repeal of the statute. But the statute has not been repealed. It is still in force, and not substantially amended. At the time of the adoption of the ordinances which are here complained of, the statute read as follows:

"Two or more lines of street railway, operated under different managements, may by lease or contract, use the same street or tracks upon such terms as may have been agreed upon between the companies operating such railways; and two lines of street railway operated under different managements may be permitted to use the same street or tracks for a distance of five blocks without such lease or contract, upon payment of an equal portion for the construction of the tracks and appurtenances used by such railways jointly; but in no case shall a company owning or operating one line of street railway be permitted to condemn the right to occupy and use the same street or tracks for a distance of more than five blocks consecutively."

The inquiry is whether on the facts alleged in the bill there has been state action impairing the obligation of the contract.

[1] A state may act through a municipal corporation to which it has delegated powers of legislation, but, where the ordinance of such a corporation is relied upon as constituting the impairment, it must be shown to have been enacted pursuant to the legislative authority of the state. Otherwise it is not state action.

[2] If, as alleged in the bill, the impairment of the appellee's contract consists in the fact that the city is proceeding to disregard its covenant, and to construct a road in violation of the provisions of section 499, which was made a part of the contract, we are confronted with the fact that the city is proceeding to violate a law of the state. If its action is illegal and unwarranted, it is primarily so because it violates that law. If its action has the effect to impair the obligation of the contract, it also has the effect to violate the express and paramount law of the state, and it is therefore void, and is not state legislation. In Hamilton Gaslight Co. v. Hamilton City, 146 U. S. 258, 266, 13 Sup. Ct. 90, 36 L. Ed. 963, Mr. Justice Harlan said:

"A municipal ordinance not passed under a supposed legislative authority cannot be regarded as a law of the state within the meaning of the constitutional prohibition against state laws impairing the obligation of contracts."

In Barney v. City of New York, 193 U. S. 430, 24 Sup. Ct. 502, 48 L. Ed. 737, jurisdiction was invoked on the ground of deprivation of property without due process of law in violation of the fourteenth amendment. It appeared on the face of the plaintiff's bill that the acts of the city officers therein complained of were not only unau-

thorized, but were forbidden by state legislation. It was held that no federal question was involved. The court said:

"In the present case defendants were proceeding, not only in violation of provisions of the state law, but in opposition to plain prohibitions."

In Dawson v. Columbia Trust Company, 197 U. S. 178, 25 Sup. Ct. 420, 49 L. Ed. 713, the trust company, as mortgagee of the Dawson Waterworks Company, brought a suit to restrain the city of Dawson from taking measures to build new waterworks. It set forth the contract of the waterworks company with the city, the repudiation of that contract by the city, the calling of an election to determine whether the city should issue bonds to erect or buy waterworks, the vote in favor of the issue, and the issuance of the bonds. It was alleged that all these acts were unlawful, and were not warranted by the laws of the state. The court held that the acts of the municipality under the averments of the bill did not constitute an impairment of the contract by the act of the state. In Memphis v. Cumberland Telephone Co., 218 U. S. 624, 31 Sup. Ct. 115, 54 L. Ed. 1185, the complainant, which had a contract with the city, alleged the impairment thereof by ordinances of the city, which were alleged to have been enacted without authority either by express terms or by necessary implication in the legislative act whereby the city was incorporated. The court reviewed its former decisions, and held that the case was not one arising under the Constitution and laws of the United States. The opinion reviewed also and approved the decision of the Circuit Court of Appeals for the Sixth Circuit in City of Louisville v. Cumberland Telephone & Telegraph Co., 155 Fed. 725, 84 C. C. A. 151. In that case it was sought to restrain the enforcement of a municipal ordinance regulating charges for telephone service on the ground that the ordinance violated the obligation of a contract between the complainant and the city, and the bill alleged that no power to regulate the rates had been granted by the Constitution or by the Legislature of the state. "If this be true," said Judge Lurton, delivering the opinion of the court, "there was no state authority behind the action of the Louisville common council and no ground to claim that constitutional prohibitions have been violated which are pointed at state aggression only. A municipal ordinance may be the exercise of a delegated legislative power conferred upon it as one of the political subdivisions of the state. But, to be given the effect and force of a law of the state, it must have been enacted in the exercise of some legislative power conferred by the state in the premises." In line with these authorities is the decision of this court in Seattle Electric Co. v. Seattle, R. & S. Ry. Co., 185 Fed. 365, 107 C. C. A. 421. In that case the ordinance which was complained of and which it was said would operate to deprive the complainant of its property without due process of law was alleged in the bill to have been granted illegally, and without right, and to be "without authority in law, and null and void and of no force and effect." We held, following the cases above cited, that, taking those averments to be true, the ordinance complained of was not the act of the state, and that there was no federal question involved. When it comes to the question whether the ordinance of a munici-

pality is or is not legislation by the state, there can be no difference between an ordinance which has been enacted ultra vires and an ordinance which has been enacted in violation of a general statute of the state which prohibits the precise and specific act which is done by the ordinance. In neither case is the ordinance state action, for in both cases it is void under the state law. Whether or not the ordinances complained of here would in fact, if carried out, have the effect to impair the obligation of the appellee's contract, we do not undertake to decide. What we hold is that the averments of the bill itself exclude the case from the cognizance of a federal court as a case arising under the Constitution of the United States by alleging that the very ordinances which the appellee relies upon as constituting a violation of its contract have been enacted in violation of the positive law of the state.

The judgment is reversed, and the cause remanded with instructions to dismiss the bill.

MORROW, Circuit Judge. I concur in the foregoing opinion written by Judge GILBERT. I am also of the opinion that the facts alleged in the complaint charge the city and county of San Francisco with acts that will simply amount to a breach of contract.

Section 12 of the ordinance under which the predecessors of complainant acquired the right to operate street railroads over the streets mentioned in the ordinance provides:

"Said railway company is hereby required to file in the office of the clerk of the board of supervisors of the city and county of San Francisco an acceptance in writing of the provisions of this order, under its corporate seal, signed by its president and countersigned by its secretary, and thereupon the provisions of this order shall be taken and deemed to be a contract between said company and said city and county. Unless such acceptance be filed within ten days after the passage of this order, this order shall become and remain null and void."

It is alleged in the bill of complaint that the predecessors of complainant accepted in writing the provisions of the order, and thereafter performed all the conditions required by the ordinance or by law to be performed. The ordinance thereupon became a contract between the city and county of San Francisco and the predecessors of the complainant. One of the conditions of this contract was specified in section 5 of the ordinance that it would be lawful for the board of supervisors of the city and county of San Francisco to grant to one other corporation, and no more, the right to use either of the streets mentioned in the ordinance for a distance of five blocks, and no more, upon the terms and conditions specified in the 499th section of the Civil Code of the state. Section 499 of the Civil Code provided that corporations may be permitted to use the same streets if each pay an equal portion of the construction of the track, but in no case must two railroad corporations occupy and use the same street for a distance of more than five blocks. The complainant alleges that the city and county of San Francisco is proceeding in violation of the terms of this contract to construct and operate a municipal railroad along the streets occupied by the complainant. The facts alleged amount to an

allegation that the city and county of San Francisco is about to do an act that will amount to a breach of contract. There is no law of the state impairing the obligation of the contract. The law of the state is otherwise. It maintains the validity and terms of the contract. In the recent case of Shawnee Sewerage & Dr. Co. v. Stearns, 220 U. S. 462, 31 Sup. Ct. 452, 55 L. Ed. 544, the Supreme Court said with respect to the violation of a similar ordinance:

"The breach of a contract is neither confiscation of property nor a taking of property without due process of law."

HANFORD, District Judge (concurring). I concur in the foregoing opinion and all of it with this reservation, that as the decision of this court in the case of Seattle Electric Co. v. Seattle R. & S. Ry. Co., 185 Fed. 365, 107 C. C. A. 421, is cited, I am unwilling to acquiesce in that part of said decision found in the quotation from 5 Ency. U. S. Sup. Ct. Rep. p. 545, asserting that a party complaining of an invasion of rights guaranteed by the Constitution of the United States and also in violation of the Constitution or laws of the state, "must exhaust his remedy in the state courts by prosecuting his case to the state court of last resort" before he will be entitled to invoke the jurisdiction of a federal court.

The federal courts ordained and established pursuant to the Constitution of the United States have an important function in adjudicating controversies involving questions of national law, and the jurisdiction of the United States Circuit Courts in actions at law and suits in equity, if not exclusive, is concurrent with, and not secondary to, the jurisdiction of state courts. I consider that a United States court has no right to deny its jurisdiction, in a case where jurisdiction is conferred by Congress, merely because of a presumption that the rights of the complainant will be fully protected by a state court, or on a review of its decision by the Supreme Court of the United States.