PORTLAND RY., LIGHT & POWER CO. v. CITY OF PORTLAND et al.

(District Court, D. Oregon. November 25, 1912.)

No. 5,723.

1. CONSTITUTIONAL LAW (§ 298*)—DUE PROCESS OF LAW—CITY ORDINANCE—"ACT OF THE STATE."

Where a city, in enacting a minimum rate ordinance, acts without legislative authority, the ordinance is not an "act of the state," within the meaning of the fourteenth amendment to the federal Constitution, prohibiting a state from passing a law depriving a citizen of his property without due process of law, etc.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 847; Dec. Dig. § 298.*]

2. PLEADING (§ 8*)—CONCLUSIONS.

Where a city had legislative authority to pass an ordinance fixing a minimum gas and electric rate, the burden was on a public service corporation, affected by the ordinance so passed, to show by appropriate allegations of fact, as distinguished from conclusions, and, if necessary, by proof, that the rate fixed, if enforced, would be confiscatory.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INJUNCTION (§ 144*)—PRELIMINARY INJUNCTION—COMPLAINT.

A city ordinance prohibited gas and electric light companies from charging a minimum rate of more than 50 cents a month. Complainant sued to restrain the enforcement of the rate, alleging only that the cost to complainant of maintaining generating capacity for and service connections with each consumer exceeded 50 cents a month, and that a reasonable charge therefor was $1 a month, and that the minimum rate, if enforced, would reduce complainant's revenue by sums aggregating many thousands of dollars per month, and would deprive complainant of the right to receive from each consumer the cost of supplying the same to him. *Held*, that such allegations did not sufficiently allege facts showing that the rate was confiscatory, and that they were therefore insufficient to sustain a preliminary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

4. CONSTITUTIONAL LAW (§ 70*)—JUDICIAL POWERS—ENCROACHMENT ON LEGISLATURE.

Where suit is brought to restrain the enforcement of a minimum gas and electric rate ordinance, the court's power is limited to the determination of whether the rate fixed is confiscatory; the court having no power to fix rates itself, nor to set aside rates fixed by a legislative body, because, on investigation, it might come to a different conclusion as to the reasonableness thereof.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. § 70.*]

5. CONSTITUTIONAL LAW (§ 154*)—MINIMUM RATE ORDINANCE—OBLIGATION OF CONTRACTS—IMPAIRMENT.

Contracts for the furnishing of gas and electricity, providing for a specified minimum rate larger than that fixed by a subsequent ordinance, having been made subject to whatever power the city possessed to modify or change the rates, the ordinance was not invalid as impairing the obligation of such contracts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 426–428, 442–444, 447–455, 459, 461–473; Dec. Dig. § 154.*]

In Equity. Suit by the Portland Railway, Light, & Power Company against the City of Portland and certain of its officers to restrain the enforcement of a city ordinance fixing minimum rates to be charged by gas and electric light companies. On application for preliminary injunction. Denied.

F. V. Holman and Franklin T. Griffith, of Portland, Or., for complainant.

Frank S. Grant, City Atty., and L. E. Latourette, Deputy City Atty., both of Portland, Or., for defendants.

Before WOLVERTON and BEAN, District Judges.

BEAN, District Judge. Application for a preliminary injunction is denied. The complainant is an Oregon corporation, and defendant a municipal corporation of the state. There is no diversity of citizenship; therefore the court has not jurisdiction on that ground. Its jurisdiction is sought to be invoked solely because the ordinance of the defendant city, fixing the minimum charge which may be collected from consumers by persons, firms, or corporations furnishing gas or electricity at 50 cents a month, deprives the complainant of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its property without due process of law, in violation of the fourteenth amendment to the federal Constitution, and impairs the obligations of unexpired contracts, existing at the time of its adoption between it and its customers.

[1] But there are not sufficient averments in the complaint to support this contention. If, in enacting the minimum rate ordinance, the defendant city acted without legislative authority, the ordinance is not an act of the state, within the meaning of the fourteenth amendment to the federal Constitution, and the court is without jurisdiction. Seattle El. Co. v. Seattle R. & S. Ry., 185 Fed. 365, 107 C. C. A. 421; San Francisco v. United Railroads, 190 Fed. 507, 111 C. C. A. 339.

[2] If, on the other hand, it had authority to pass such an ordinance, the rate fixed by it is presumed to be fair and just. The burden is on the complainant to show by appropriate allegations, and, if necessary, by proof, that the rate so fixed, if enforced, will be confiscatory. A complainant, seeking to enjoin rates fixed by public authority, on the ground that they are violative of the federal Constitution, must state facts, and not conclusions—facts which, if true, show that such rates will deprive it of a fair and just return upon the value of its property devoted to a particular public use. Mere general allegations are not sufficient. Oregon R. & N. Co. v. Campbell (C. C.) 173 Fed. 957; Southern P. Co. v. Campbell (C. C.) 189 Fed. 182; Southern P. Co. v. Rr. Com., of California (D. C.) 193 Fed. 699.

[3] There are no facts stated in the complaint showing that the rate complained of is confiscatory, or that, if enforced, it will deprive the complainant of its property without just compensation, nor is there even a general allegation to that effect. The averments are, in substance, that the cost to complainant of maintaining generating capacity for, and service connections with, each consumer exceeds the sum of 50 cents per month, and that a reasonable charge therefor is $1 per month; that the minimum rate prescribed by the city, if enforced, will reduce the revenue of the complainant by "sums aggregating many thousand of dollars per month, and to an amount less than the actual cost of furnishing the service," and will deprive the complainant of the right to receive from each consumer the cost of supplying the same to him. [4] These matters might be important, if addressed to a rate-making tribunal; but the court has no authority to fix rates, nor should it attempt to assume such a power and set aside rates fixed by a legislative body, because it might, upon investigation, come to a different conclusion as to the reasonableness thereof. In a case of this character, the court can review the action of the rate-making body only so far as to determine whether or not, under the rate prescribed and the other rates which the complainant may lawfully charge, it will be unable to realize a fair and just return on the value of its property devoted to the particular public use, and will amount to a taking of its property without just compensation. Willcox v. Cons. Gas Co., 212 U. S. 19, 29 Sup. Ct. 192, 53 L. Ed.

382, 15 Ann. Cas. 1034; Lincoln G. & E. Co. v. Lincoln (C. C.) 182 Fed. 926.

[5] The averment in the bill that the rate as fixed by the city will conflict with unexpired contracts between the complainant and its customers, outstanding at the time the ordinance was adopted, states no cause of suit in this court. The complainant could not take away the power of the city to fix rates (if it had that power) by making such contracts. Any contracts which it had outstanding were nec essarily made by it subject to whatever power the city had to modify or change the rates to be charged by it. Knoxville Water Co. v. Knoxville, 189 U. S. 434, 23 Sup. Ct. 531, 47 L. Ed. 887.

WOLVERTON, District Judge, concurs.